**Prince VARMADO–EL, Plaintiff–Appellant,**

v.

**Bill MARTIN; et al., Defendants–Appellees.**

**No. 02–1704.**

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before RYAN, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

Prince Varmado–El, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Varmado–El and "class members" sued four prison officials (Martin, Gundy, Haske, and Panzer) in their individual capacities. Varmado–El initially asserted that: 1) inmates in protective segregation are not provided with adequate access to the law library; and 2) inmates' requests for cell reassignment are refused despite physical attacks, false accusations of sexual assault, and possession of contraband. Before an answer had been filed, Varmado–El filed an amended complaint and asserted that another prison official (Mikolajizak) had failed to protect him from an inmate attack in violation of the Eighth

Amendment and state law. Upon consideration of the action, the district court inadvertently overlooked the amended complaint, dismissed Varmado–El's original complaint for lack of exhaustion and for failure to state a claim, and denied Varmado–El's request to certify a class. Varmado–El moved to reconsider, arguing that the district court had not taken the amended complaint into account. The district court conceded its error, found that Varmado–El had exhausted his third claim, and vacated its judgment in part. After Mikolajizak moved for summary judgment and Varmado–El responded, a magistrate judge recommended granting Mikolajizak's motion as to the Eighth Amendment claim and dismissing the state law claim without prejudice. The district court did so, after de novo review and over Varmado–El's objections.

In his timely appeal, Varmado–El reasserts his Eighth Amendment claim.

Initially, we note that Varmado–El does not reassert his first and second claims or his state law claim. Issues raised in the district court, but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991). Thus, these claims have not been reviewed.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendant. *See* Fed.R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir.1995).

In his Eighth Amendment claim, Varmado–El asserted that Mikolajizak had exhibited deliberate indifference to a prisoner's threats to attack him. The other prisoner, Aloisi, was Varmado–El's cellmate. During a basketball game on August 15, 2000, the two had an argument and Aloisi allegedly called Varmado–El names, such as "bitch" and "nigger," pushed him, and threatened to "kick his ass" once they returned to the cell. Varmado–El contended that Mikolajizak heard the threats and stepped between them during the game, but took no further action. Once the inmates reached their cell, Aloisi allegedly slammed Varmado–El into a locker and injured his back. Varmado–El contacted nursing staff on August 25, 2000, and September 12, 2000, complaining of back pain. He received Motrin, and an x-ray taken November 1, 2000, was normal.

The defendant met his initial burden of showing an absence of evidence to support Varmado–El's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Eighth Amendment obligates prison officials to "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To establish that prison officials violated the Eighth Amendment by failing to prevent harm, an inmate must show that prison conditions pose a substantial risk of serious harm and that prison officials are deliberately indifferent to inmate safety. *Id.* at 834. Prison officials exhibit deliberate indifference when they know of and disregard an excessive risk to inmate safety; mere negligence will not suffice. *Id.* at 835, 837. To constitute deliberate indifference as defined in *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. An official who is aware of a risk but unsoundly believes it to be insubstantial may escape liability, as may an official who has responded reasonably to the risk, but

failed to avert harm to the prisoner. *Id.* at 844.

In his affidavit, Mikolajizak stated that he had no independent recall of the altercation during the basketball game, but that it was his practice to step between prisoners who were verbally arguing. Had the prisoners been physically engaged, he would have summoned assistance before intervening. When Mikolajizak was interviewed during the grievance process and still remembered the altercation, he indicated that the confrontation between the prisoners was part of the natural pushing and shoving that accompany a basketball game, rather than an assault. Thus, Mikolajizak did not draw the inference that Varmado–El was at substantial risk of serious harm. Furthermore, both Varmado–El and Aloisi received misconduct tickets for the fight in the cell, and the misconduct hearing officer determined that it was a mutual altercation.

In the face of this evidence, Varmado–El was required to present significant probative evidence to defeat the defendant's well-supported summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Varmado–El did not meet this burden. Although Varmado–El alleged that Mikolajizak heard Aloisi's threats, "threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater v. Dahm,* 89 F.3d 538, 541 (8th Cir.1996). Varmado–El failed to allege any other reason for prison officials to be concerned, such as previous incidents with Aloisi during the time they were celled together, or any history of Aloisi attacking inmates. *See Perkins v. Grimes,* 161 F.3d 1127, 1130 (8th Cir.1998); *Prater,* 89 F.3d at 541–42. Additionally, Varmado–El did not ask Mikolajizak or any prison official for protec-

tion from Aloisi, but instead returned to the cell he shared with Aloisi.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.